# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ZACH FUGMAN, *et al.*, | Case No. 1:24-cv-00697-MWM |
| Plaintiffs, | Judge Matthew W. McFarland |
| v. | **DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF SUBJECT MATTER JURISDICTION** |
| CONSTANCE KANG, *et al.*, | |
| Defendants. | |

Now come Defendants Constance Kang and Zhongyi Liu and file this supplemental briefing in support of subject matter jurisdiction pursuant to the Court's order of December 10, 2024.

## BACKGROUND FACTS

Plaintiffs Zach Fugman ("Fugman") and Banana Capital Partners, LLC, ("BCP") initially filed their complaint for declaratory and injunctive relief in the Court of Common Pleas for Hamilton County, Ohio, ("State Court") on December 2, 2024, against Defendants Constance Kang ("Kang") and Zhongyi Liu ("Liu"). (Notice of Removal, ECF No. 1 at PageID 1, ¶ 1.) Defendants filed their Notice of Removal on December 4, 2024. (ECF No. 1.) In the Notice of Removal, Defendants alleged that jurisdiction was appropriate in this Court under 28 U.S.C. § 1441(b) and § 1332(a) on the basis that there is complete diversity between plaintiffs and defendants in this matter and the amount in controversy exceeds the jurisdictional minimum of $75,000. (ECF No. 1 at PageID 1-2, ¶¶ 3-4.) At the time of removal, Defendants had not been served in State Court. (ECF No. 1 at PageID 3, ¶ 7.)

Following the removal, Kang and Liu voted to expel Fugman as a member of BCP

1

on December 6. (Unanimous Decision of Remaining Members of Banana Capital Partners, LLC Expelling Zachary Fugman, ECF No. 5-7 at PageID 217.) The reason for the expulsion is that Fugman is not the managing member of BCP, nor is he responsible for any day-to-day operations of BCP. Acting without authority to do so, Fugman interfered with the operations of BCP, and when management of the company insisted that he cease and desist, without authority to do so, Fugman allegedly hired an attorney on behalf of and presumably at the expense of BCP and filed the instant case. (ECF No. 5-7 at PageID 217.) Kang and Liu deny that the expulsion of Fugman was for any improper purpose. There were plenty of proper reasons.

On December 9, Fugman filed his First Amended Verified Complaint in this Court, rearranging the parties and styling the case as a derivative suit. (First Amended Verified Complaint, ECF No. 5.) Fugman now names BCP as a party defendant. (ECF No. 5.) Fugman also asserts that he is suing Kang, Liu, and BCP on his own behalf and on behalf of BCP derivatively, using the same lawyer that had previously filed suit on behalf of BCP as a Plaintiff. (ECF No. 5.) Fugman alleges that "BCP is a nominal defendant inasmuch as it is a real party in interest given the derivative nature of the action and the claims alleged herein." (ECF No. 5 at PageID 174, ¶ 4.)

### Plaintiff and Defendants are completely diverse.

In the Notice of Removal, counsel for Defendants inadvertently pled jurisdiction based on the place of formation and principal place of business of BCP, based on an incorrect interpretation of 28 U.S.C. § 1332(c). However, with the filing of Fugman's First Amended Verified Complaint, that inadvertence has been corrected.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity between the parties. *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

2

For diversity purposes, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). After the expulsion of Fugman, BCP's only members are Liu and Kang. Although Fugman categorizes Liu and Kang as "residing" in Ohio, Liu and Kang are citizens of Florida. (Notice of Removal, ECF No. 1 at PageID 1-2, ¶ 3.) Liu and Kang are the only members of BCP. (Unanimous Decision of Remaining Members of Banana Capital Partners, LLC Expelling Zachary Fugman, ECF No. 5-7 at PageID 217-218.) Accordingly, BCP is a citizen of Florida, and a citizen of nowhere else.

On information and belief, and as pled consistently in this matter, Fugman is a citizen of Texas. (First Amended Verified Complaint, ECF No. 5 at PageID 174 ¶ 3.)

Because Plaintiff is a citizen of Texas and all Defendants are citizens of Florida, there is complete diversity between the parties.

**The Amount in Controversy Satisfies the Jurisdictional Minimum.**

Diversity jurisdiction under 28 U.S.C. § 1332(a) also requires that the amount in controversy exceed the jurisdiction minimum of $75,000. This requirement is also satisfied in the present action.

Under 28 U.S.C. § 1446(c)(2), the amount in controversy in a removal action is deemed to be the amount set forth in the initial pleading. However, in this case, Fugman has demanded nonmonetary relief and damages "in excess of $25,000." (Verified Complaint, ECF No. 3 at PageID 104-105; First Amended Verified Complaint, ECF No. 5 at PageID 183-184.) Fugman's demand is likely based on Ohio Rule of Civil Procedure 8(A), which states, "If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought…"

3

In cases such as this:

> the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> > (i) nonmonetary relief; or
> >
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded...

28 U.S.C. § 1446(c)(2)(A).

In their Notice of Removal, Defendants asserted that the amount in controversy exceeds $100,000.00 based on Fugman's allegation as to the value of the BCP's bank account, which is a core part of the rights Fugman seeks to vindicate in this matter. (Notice of Removal, ECF No. 1 at PageID 2-3, ¶ 4; First Amended Verified Complaint, ECF No. 5 at PageID 179-180, ¶¶ 42-48.)

Because the amount in controversy in this matter exceeds $100,000, the jurisdictional minimum of an amount in excess of $75,000 is met.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court find that the Court has Subject Matter Jurisdiction over this matter on the basis of 28 U.S.C. § 1441(b) and § 1332(a). Defendants do not waive any defenses which may be available, including without limitation, the absence of personal jurisdiction over any Defendants in this action.

Respectfully submitted,

/s/ *James A. Hamilton*
John H. Phillips (0043934)
James A. Hamilton (0102638)
PHILLIPS LAW FIRM, INC.
9521 Montgomery Road
Cincinnati, OH 45242
(513) 985-2500
(513) 985-2503 fax
JHP@PhillipsLawFirm.com
JAH@PhillipsLawFirm.com

*Trial Attorneys for Defendants*
*Constance Kang and Zhongyi Liu*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's CM/ECF

service this 13th day of December, 2024, on the following:

Christopher P. Finney, Esq. (0038998)
Bradley M. Gibson, Esq. (0087109)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5669
(513) 943-6669 fax
chris@finneylawfirm.com
brad@finneylawfirm.com

*Attorneys for Plaintiffs*

/s/ *James A. Hamilton*
James A. Hamilton (0102638)
*Trial Attorney for Defendants*
*Constance Kang and Zhongyi Liu*

5