## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRIC OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ZACH FUGMAN, et al.** | **:** | **Case No. 1:24-cv-00697-MWM** |
| | **:** | |
| | **:** | **Judge Matthew W. McFarland** |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **CONSTANCE KANG, et al.** | **:** | **PLAINTIFFS' SUPPLEMENTAL** |
| | **:** | **BRIEFING REGARDING SUBJECT** |
| | **:** | **MATTER JURISDICTION** |
| | **:** | |
| **Defendants.** | **:** | |

Plaintiffs commenced this case in the state courts of Hamilton County, Ohio. Defendants Constance Kang ("Kang") and Zhongyi Liu ("Liu") removed the action, alleging this Court has diversity jurisdiction over the claims. Plaintiffs filed their First Amended Verified Complaint on December 9, 2024, setting forth claims on behalf of Zach Fugman individually and derivatively on behalf of Banana Capital Partners, LLC ("BCP") against Defendants Kang, Liu, and BCP. This Court then requested the supplemental briefing on the question of subject matter jurisdiction.

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). Limited liability companies have the citizenship of each member of the company. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009).

BCP is comprised of three members: (1) Zach Fugman, a citizen of Texas, (2) Kang who alleges to be a citizen of Florida, and (3) Liu who also alleges to be a citizen of Florida. BCP is

thus a citizen of both Texas and Florida. So long as BCP is a party, and a member of BCP is an opposing party, diversity jurisdiction cannot exist.

Defendants, nevertheless, allege diversity jurisdiction exists because after Mr. Fugman filed the initial complaint in this matter, Kang and Liu purported to remove Fugman as a member of BCP. As set forth in the First Amended Verified Complaint, Plaintiffs request a declaratory judgment that the post-filing removal attempt is void and that Fugman remains a member of BCP. For the Court to find complete diversity exists in this case, it would have to decide that the expulsion was effective. The Western District of Kentucky remanded under similar circumstances in *Durflinger v. Bowling Green Custard,* LLC 2012 U.S. Dist. LEXIS 61991, *14, stating:

> Finally, the Court is hesitant to exercise it jurisdiction, because doing so would necessarily require a ruling that Durflinger is no longer a member of BGC. While the allegations and exhibits associated with this motion include portions that may be reasonably read against remand, Defendants have not shown that the ties between Durflinger and BGC are completely severed.

Notably, the party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. *Akno 1010 Mkt. St. St. Louis Missouri, LLC v. Nahid Pourtaghi,* 43 F.4th 624, 627 (6th Cir. 2022). Moreover, the removing party bears the burden of proving that this Court would have had subject matter jurisdiction had the non-removing party filed the complaint in federal court." *Olwin Metal Fabrication, LLC v. MultiCam, Inc.* 631 F. Supp. 3d 485, 488 (S.D. Ohio 2022). There is no doubt that at the time Defendants sought removal (i.e. prior to attempting to expel Mr. Fugman from BCP) this Court could not exercise diversity jurisdiction over claims brought by BCP against two of its members as the LLC.

Because Defendants have not met their burden of establishing complete diversity between the parties, the Court should remand the matter to the Hamilton County Court of Common Pleas.

Respectfully submitted,

/s/Bradley M. Gibson
Christopher P. Finney, Esq. (0038998)
Bradley M. Gibson, Esq. (0087109)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5669
(513) 943-6669 (fax)
chris@finneylawfirm.com
brad@finneylawfirm.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 13th day of December 2024, and electronically served upon counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

/s/ Bradley M. Gibson
Bradley M. Gibson, Esq. (0087109)