IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ZACH FUGMAN, et al., | : | Case No. 1:24-cv-697 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| CONSTANCE KANG, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on its Order requesting supplemental briefing from the parties as to subject matter jurisdiction and whether complete diversity exists between the parties. (12/10/2024 Notation Order.) The parties filed briefs on December 13, 2024 (Docs. 6, 7). Thus, the matter is ripe for the Court's review. For the reasons stated below, the Court lacks subject matter jurisdiction over the action and **REMANDS** the case to the Hamilton County Court of Common Pleas.

## BACKGROUND

Plaintiffs Zach Fugman, a Texas resident, and Banana Capital Partners, LLC ("Banana Capital"), filed their initial complaint in the Hamilton County Court of Common Pleas on December 2, 2024. (Case Summary, Doc. 1-5, Pg. ID 12; Compl., Doc. 3, Pg. ID 95.) Plaintiffs seek a declaratory judgment and bring breach of fiduciary duties and breach of contract claims against Defendants Constance Kang and Zhongyi Liu ("Individual Defendants"). (Compl., Doc. 3, ¶¶ 49-64.) In the initial Complaint, Plaintiffs

stated that Individual Defendants were Ohio residents. (Compl., Doc. 3, ¶¶ 5-6.) On December 4, 2024, Individual Defendants removed the case to this Court, claiming that complete diversity of citizenship exists because Individual Defendants are Florida residents. (Notice of Removal, Doc. 1, ¶ 3; Kang Driver's License, Doc 1-3; Liu Driver's License, Doc. 1-4.) On December 9, 2024, Plaintiffs filed their Amended Complaint, clarifying that Plaintiff Fugman is appearing in his individual capacity and derivatively on behalf of Banana Capital, naming Banana Capital as a defendant, and adding facts that the Individual Defendants sought to expel him as a member of Banana Capital. (Am. Compl., Doc. 5, ¶¶ 4, 52.) The Court then requested supplemental briefing from the parties as to subject matter jurisdiction and whether complete diversity exists. (12/10/2024 Notation Order.) The parties filed their supplemental briefs on December 13, 2024. (Docs. 6, 7.)

## LAW & ANALYSIS

"It is a federal court's unflagging duty to verify that it has jurisdiction over the case before it." *Naji v. Lincoln*, 665 Fed. App'x. 397, 399 (6th Cir. 2016). "Subject-matter jurisdiction can never be waived or forfeited, and courts are obligated to consider sua sponte whether they have such jurisdiction." *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527,

534 (6th Cir. 1999).

Defendants removed this case on the grounds of diversity jurisdiction. (Notice of Removal, Doc. 1, ¶¶ 3, 4.) Diversity jurisdiction exists where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity is decided by the state of the parties' domiciles. *Von Duser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). A natural person's domicile is determined by two factors: residence in a state and an intention to remain there. *Id.* Alternatively, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Diversity jurisdiction is determined at the time of removal. *Roger v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Here, Banana Capital is a limited liability company whose members included, at least at the time of removal, Plaintiff Fugman, a Texas citizen, Defendant Kang, an alleged Florida citizen, and Defendant Liu, another alleged Florida citizen. (Defendants' Suppl. Brief, Doc. 6, Pg. 221; Plaintiffs' Suppl. Brief, Doc. 7, Pg. ID 224.) Therefore, Banana Capital was domiciled in both Texas and Florida at the time of removal. Since Banana Capital is a plaintiff, and the Individual Defendants are also Florida residents, complete diversity of the parties does not exist. *See, e.g., Aquasea Group, LLC v. Singletary*, 4:13-CV-2286, 2013 U.S. Dist. LEXIS 153839, at *4 (N.D. Ohio, Oct. 25, 2013) (If even one member of an LLC is not diverse, then complete diversity is destroyed.); *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (If any plaintiff is a citizen of the same state as any defendant, then complete diversity and federal jurisdiction are destroyed.). Since Defendants cannot show complete diversity between the parties, the Court does not have

3

subject matter jurisdiction.

## CONCLUSION

Based on Plaintiffs' Amended Complaint, the Court does not have subject matter jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the action is **REMANDED** to the Hamilton County Court of Common Pleas. Furthermore, the Preliminary Conference set for December 17, 2024, is hereby **VACATED.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND